STATE OF NEW YORK
SUPREME COURT    COUNTY OF ALBANY

---

ALBANY AIRPORT HIE, LLC and 400 HIE LLC,    COMPLAINT

                            Plaintiffs,    Index No.
-against-                                   RJI No.

THE HANOVER INSURANCE GROUP, INC. and       Justice Assigned:
CITIZENS INSURANCE COMPANY OF AMERICA,      Hon.

                            Defendants.

---

Plaintiffs, *Albany Airport HIE, LLC* and *400 HIE LLC* and, (hereinafter "Plaintiffs") complaining of the defendant *The Hanover Insurance Group, Inc.* and *Citizens Insurance Company of America* (hereinafter "Defendants") allege as follows:

1. At all times hereinafter relevant, Plaintiff Albany Airport HIE, LLC was and remains a limited liability company duly formed and existing under the laws of the State of New York with a place at 946 Loudon Road, Latham, New York 12110.

2. At all times hereinafter relevant, Plaintiff 400 HIE LLC was and remains a limited liability company duly formed and existing under the laws of the State of New York with a place of business located at 400 Old Loudon Road, Latham, New York 12110.

3. At all times hereinafter relevant, upon information and belief, Defendant The Hanover Insurance Group, Inc. is a corporation with its principle place of business located at 440 Lincoln Street Worcester, Massachusetts 01653.

4. At all times hereinafter relevant, upon information and belief, Defendant Citizens Insurance Company of America is a corporation with its principle place of business located at 440 Lincoln Street Worcester, Massachusetts 01653.

5. At all times hereinafter relevant, plaintiff Albany Airport HIE, LLC owned a hotel

and associated businesses located at 946 Loudon Road, Latham, New York 12110.

6. At all times hereinafter relevant, plaintiff 400 HIE, LLC and owned a hotel and associated businesses located at 400 Old Loudon Road, Latham, New York 12110.

7. At all times hereinafter relevant, upon information and belief, both defendants were engaged in the business of issuing policies of insurance in the State of New York.

8. At all times hereinafter relevant, including the period from August 1, 2014 to August 1, 2015, defendants issued a commercial lines policy of insurance under policy number ZBS 9632488 02 (hereinafter the "Insurance Policy") to plaintiffs as "named insured" under the Insurance Policy.

9. At all times hereinafter relevant, including the period from August 1, 2014 to August 1, 2015, in addition to plaintiffs, Bullock Hospitality, LLC was named as an insured under the Insurance Policy (hereinafter Albany Airport HIE, LLC, 400 HIE LLC and Bullock Hospitality collectively the "Named Insured").

10. The Insurance Policy covered the activities of the Named Insured at the hotel and associated businesses located at 946 Loudon Road, Latham, New York 12110 and at 400 Old Loudon Road, Latham, New York 12110 (hereinafter the "Insured Businesses").

11. At all times hereinafter relevant plaintiffs were in material compliance of their obligations under the Insurance Policy.

12. At all times hereinafter relevant, the Insurance Policy was in full force and effect.

13. On or about March 19, 2015, plaintiffs submitted a fidelity proof of loss (hereinafter the "Proof of Loss") to defendants.

14. The Proof of Loss identified Tod Hanlon as the employee of the Named Insured responsible for the loss.

15. Plaintiffs suffered a loss in the amount of Seven Hundred and One Thousand Seven

Hundred Sixty Five and 26/100ths ($701,765.26) Dollars arising from thefts by Tod Hanlon.

16. The Proof of Loss was submitted to defendants in a timely manner after discovery of the loss.

17. At all times hereinafter relevant, Tod Hanlon was an "employee" of as that term is defined in the Insurance Policy.

18. At all times hereinafter relevant, Tod Hanlon was a natural person.

19. At all times hereinafter relevant, Tod Hanlon was compensated directly by salary, wages or commissions by the Named Insured.

20. At all times hereinafter relevant, the Named Insured had the right to direct and control Tod Hanlon while he was performing his duties.

21. None of the exclusions under the Insurance Policy apply to the claims made under the Proof of Loss by plaintiffs.

22. The claims made under the Insurance Policy as identified in the Proof of Loss are covered under the Insurance Policy.

23. Defendants did not issue a disclaimer until May 18, 2016, four hundred twenty six (426) days after the date of the Proof of Loss.

24. This action for declaratory judgment is brought pursuant to CPLR 3001 to determine the rights and obligations of the parties under the management agreement and pursuant to the Insurance Policy.

25. By correspondence dated May 18, 2016, Hanover Insurance Group denied coverage for the Loss under the Policy.

26. As set forth in the Denial Letter, coverage for the Loss under the Policy by Hanover Insurance was based upon exclusions under the Policy which provide in relevant part as follows:

3

15. Employee Theft including ERISA Compliance:

(1) We will pay for loss or damage to "money", "securities" and "other property" resulting direction from "theft" committed by an "employee"... acting alone or in collusion with other persons.

(3) Under this additional coverage, "occurrence" means:
  (a) an individual act;
  (b) the combined total of all separate acts whether or not related; or
  (c) a series of acts whether or not related;
Committed by an "employee" acting alone or in collusion with other persons, during the policy period, before such policy period, or both.

(4) We will only pay for loss you sustain through acts committed or events occurring anytime which is "discovered" by you:
  (a) during the policy period; or
  (b) no later than 1 year from the date of termination or cancellation of this insurance.

(6) The most we will pay for all loss resulting directly from an "occurrence" is $100,000 or the Limit or Insurance shown in the Amended Limits Section of this Endorsement.

15. "Employee" means:
  (a) any natural person
    (1) while in your service and for the first 30 days immediately after termination of service;
    (2) who you compensate directly by salary, wage or commissions; and
    (3) who you have the right to direct and control while performing services for you

27. The Policy was drafted solely by defendants.

### AS AND FOR A FIRST CUASE OF ACTION
### PLAINTIFFS ALLEGE AS FOLLOWS:

28. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 27 of the complaint with the same force and effect as if set forth fully at length therein.

29. There is a justiciable controversy between plaintiffs and defendant.

30. Plaintiffs are entitled to a declaration that the theft by Tod Hanlon is covered under the Insurance Policy.

2

### AS AN FOR A SECOND CAUSE OF ACTION
### PLAINTIFFS ALLEGES AS FOLLOWS:

31. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 30 of the complaint with the same force and effect as if set forth fully at length herein.

32. Defendants' denial of the claim by plaintiffs is in breach of the contractual agreement between the parties as memorialized in the Insurance Policy.

33. Plaintiffs are entitled to a judgment against defendants under the Insurance Policy in the amount of One Hundred Thousand and No/100ths ($100,000.00) Dollars with interest from the date of the Proof of Loss. .

### AS AND FOR A THIRD CAUSE OF ACTION
### PLAINTIFFS ALLEGE AS FOLLOWS:

34. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 33 of the complaint with the same force and effect as if set forth fully at length herein.

35. Defendants' denial of the claim by plaintiffs was untimely.

36. Defendants should be barred and estopped from denying the claim by plaintiffs.

37. Plaintiffs are entitled to payment under the Insurance Policy in the amount of One Hundred Thousand and No/100ths ($100,000.00) Dollars with interest from the date of the Proof of Loss. .

### AS AND FOR A FOURTH CAUSE OF ACTION
### PLAINTIFFS ALLEGE AS FOLLOWS:

38. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 36 of the complaint with the same force and effect as if set forth fully at length herein.

39. Hanover's denial of coverage for the Loss under the Policy was made in bad faith.

40. Hanover's denial of coverage for the Loss under the Policy was such that no reasonable carrier would, under the facts herein and the terms of the Policy, be expected to assert it.

41.     Hanover's denial of coverage for the Loss under the Policy was in gross disregard for its policy obligation in denying coverage.

42.     Plaintiffs are entitled to recover reasonable attorney's fees incurred in this action to enforce its rights under the Policy.

**WHEREFORE**, plaintiffs demand judgment against defendants as follows:

1.     On the first cause of action herein, a declaration that the theft by Tod Hanlon is covered under insurance policy number ZBS963248802 issued by defendants;

2.     On the second cause of action herein, plaintiffs are entitled to a judgment against defendants under insurance policy number ZBS963248802 issued by defendants the Insurance Policy in the amount of One Hundred Thousand and No/100ths ($100,000.00) Dollars with interest from the date of the Proof of Loss;

3.     On the third cause of action herein, plaintiffs are entitled to a judgment against defendants under insurance policy number ZBS963248802 issued by defendants the Insurance Policy in the amount of One Hundred Thousand and No/100ths ($100,000.00) Dollars with interest from the date of the Proof of Loss;

4.     On the fourth cause of action herein, awarding plaintiffs reasonable attorney's fees incurred in this action; and

5.     Granting such other and further relief as may be just in the premises together with costs and disbursements.

Dated: April 11, 2017

                                      **MARTIN, SHUDT, WALLACE, DILORENZO & JOHNSON**

                                      By: Robert L. Adams, Esq.
Attorneys for Plaintiffs
Office and P.O. Address:
258 Hoosick Street / Suite 201
Troy, New York 12180
TEL: (518) 272-6565

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF ALBANY )

JAMES J. MORRELL, being duly sworn, deposes and says that he is the Sole Member of **400 HIE LLC and ALBANY AIRPORT HIE LLC**, the plaintiffs in this action, that the foregoing *Complaint* is true to his own knowledge, except as to the matters therein stated upon information and belief, and as to those matters he believes it to be true.

Deponent further says that the reason this verification is made by deponent and not by plaintiffs is because the plaintiffs are limited liability companies, and the grounds of deponent's belief as to all matters in the *Complaint* not stated upon his own knowledge are investigations which deponent has caused to be made concerning the subject matter of this proceeding and information acquired by deponent in the course of his duties as a member of said limited liability companies and from the books and papers of said entities.

_____
JAMES J. MORRELL
Member

Sworn to before me this
24 day of March, 2017

_____
NOTARY PUBLIC

Andrea L Stukey
Notary Public, State of New York
No. 01ST6188934
Qualified in Saratoga County
Commission expires June, 16, 2020

5