UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALBANY AIRPORT HIE, LLC and
400 HIE LLC,

                           Plaintiffs,

                                               No. 1:17-CV-554

     -V-

THE HANOVER INSURANCE GROUP, INC.
*also known as* Hanover Insurance Company, Inc.
and CITIZENS INSURANCE COMPANY OF
AMERICA,

                           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                        OF COUNSEL:

MARTIN, SHUDT, WALLACE, DILORENZO &     ROBERT L. ADAMS, ESQ.
    JOHNSON
Attorneys for Plaintiffs
258 Hoosick Street, Suite 201
P.O. Box 1530
Troy, NY 12180

MURA & STORM, PLLC                           ROY A. MURA, ESQ.
Attorneys for Defendants
14 Lafayette Square
930 Rand Building
Buffalo, NY 14203


DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

## I. **INTRODUCTION**

    This is an insurance coverage dispute between Albany Airport HIE, LLC and 400 HIE,

LLC (collectively "plaintiffs") and The Hanover Insurance Group, Inc. ("Hanover") and

Citizens Insurance Company of America ("Citizens") (collectively "defendants"). Plaintiffs seek a judgment declaring that defendants are obligated to provide insurance coverage and seek damages for various contract related claims stemming from a denial of coverage.

On April 17, 2017 plaintiffs brought suit against defendants in New York State Supreme Court, Albany County. On May 19, 2017, defendants removed the suit to this Court based upon diversity jurisdiction. Defendants now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) and summary judgment pursuant to Rule 56 dismissing the four count Complaint. Plaintiffs opposed only defendants' motion pursuant to Rule 56 to dismiss the second cause of action for breach of contract. Defendants replied. Oral argument was heard on August 1, 2019 in Utica, New York. Decision was reserved.

## II. BACKGROUND

The facts are largely undisputed. They are drawn from the undisputed facts in defendants' Statement of Material Facts ("Defs.' SMF"), plaintiffs' Response Statement of Material Facts and Statement of Additional Material Facts, defendants' Response to Plaintiffs' Statement of Additional Material Facts, and the exhibits and affidavits submitted in connection with the motions. Where the facts stated by the moving parties are supported by testimonial or documentary evidence, and denied with only a conclusory statement, or not denied at all, those facts are found to be true. See Local Rule 7.1(a)(3) ("The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert.").

During the relevant time, plaintiffs owned two hotels in the Albany, New York area. In 2010, plaintiffs entered into a management agreement with Bullock Hospitality LLC ("Bullock

Hospitality") to manage both hotels.  Tod Hanlon signed the management agreement as sole member and manager of Bullock Hospitality.  Defs.' SMF ¶ 13.

Defendant Citizens[1] issued insurance policy number ZBS 9632488 02 for the policy period from August 1, 2014 through August 1, 2015 (the "policy").  Id. ¶ 1.  The policy listed eight named insureds including:  "400 HIE, LLC DBA ALBANY AIRPORT HOLIDAY INN EXPRESS AND SUITES"; "ALBANY AIRPORT HIE, LLC D/B/A ALBANY AIRPORT HOTEL"; and "BULLOCK HOSPITALITY, LLC."  Id. ¶¶ 5–6.

In February 2015, plaintiffs reported to Citizens that their former hotel manager, Tod Hanlon, had stolen over $700,000 from them by depositing checks intended for the hotels into his own bank account.  Id. ¶ 7.  Plaintiffs made a claim to Citizens for coverage under the policy's employee theft section of the policy's "GOLD FORM BROADENING ENDORSEMENT."  Id. ¶ 8.  At the time of the reported theft, the policy's "GOLD FORM BROADENING ENDORSEMENT" contained the following exclusion:

**(8) Special Employee Theft Exclusions**

We will not pay for:

**(a)**   Loss resulting from "theft" or any other dishonest act committed by:

    **(i)**   You; or
    **(ii)**  Any of your partners or "members";

Whether acting alone or in collusion with other persons.

---

[1] Citizens is a subsidiary of defendant Hanover.  Defs.' SMF ¶ 3.  The parties dispute whether Hanover issues insurance policies and in fact issued the one at hand.  For the reasons described below, there is no need to elaborate on the relationship between the two defendants.

Id. ¶ 9 (emphasis in original).  The policy defined "you" and "your" to mean "the Named Insured shown in the Declarations."  Id. ¶ 10.  The policy defined "member" to mean "an owner of a limited liability company represented by its membership interest who, if a natural person, may also serve as a 'manager.'"  Id. ¶ 11.

In March 2016, plaintiffs submitted documentation to Citizens, including W2-s from 2010 through 2014, indicating that during those years Tod Hanlon received wages from Bullock Hospitality.  Id. ¶ 12.  During discovery in this action, plaintiffs produced a management agreement and affidavit and testimony of their financial manager, John VanDenburgh, establishing that at the time of the alleged theft, Tod Hanlon was the sole member and manager of named insured Bullock Hospitality.  Id. ¶¶ 13–14.

In the course of the claim investigation, defendants sought an outside coverage opinion from attorney Sonia Copesky of the Property & Liability Resource Bureau ("PLRB").  Adams Decl., ¶ 8, Ex. 6.  That opinion concluded, *inter alia*, that the Special Employee Theft Exclusion excluding coverage for theft by "You" or "Any of your partners or 'members'" did *not* apply to exclude coverage for the instant alleged theft.

On May 18, 2016, Citizens denied coverage to plaintiffs based on the policy's Special Employee Theft Exclusion 8.a.  Defs.' SMF ¶ 15.

### III. LEGAL STANDARD

The entry of summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A fact is "material" for purposes of this inquiry if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248; see also Jeffreys v. City of N.Y., 426 F.3d 549, 553 (2d Cir. 2005). A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

When summary judgment is sought, the moving party bears the initial burden of demonstrating that there is no genuine issue of material fact to be decided with respect to any essential element of the claim. Anderson, 477 U.S. at 250 n.4. The failure to meet this burden warrants denial of the motion. Id. at 250. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial. Id.

When deciding a summary judgment motion, a court must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the nonmoving party. Jeffreys, 426 F.3d at 553. Accordingly, summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002); see also Anderson, 477 U.S. at 250 (finding summary judgment appropriate only when there can be but one reasonable conclusion as to the verdict).

## IV. DISCUSSION

### A. Insurance Policy Interpretation

"Insurance policies are, in essence, creatures of contract, and, accordingly, subject to principles of contract interpretation." In re Estates of Covert, 97 N.Y.2d 68, 75 (2001). "'Under New York law, a written contract is to be interpreted so as to give effect to the

intention of the parties as expressed in the unequivocal language they have employed.'" Porco v. Lexington Ins. Co., 679 F. Supp. 2d 432, 435 (S.D.N.Y. 2009) (quoting Terwilliger v. Terwilliger, 206 F.3d 240, 245 (2d Cir. 2000)).

"Thus, the Court's analysis properly starts with the four corners of the Policy to determine if there is any ambiguity." Porco, 679 F. Supp. 2d at 435; see also Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp., 595 F.3d 458, 465 (2d Cir. 2010) ("[T]he initial question for the court on a motion for summary judgment with respect to a contract claim is whether the contract is unambiguous with respect to the question disputed by the parties.") (internal quotations omitted).

"When the provisions are unambiguous and understandable, courts are to enforce them as written." Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co., 472 F.3d 33, 42 (2d Cir. 2006). "Policy terms are unambiguous where they provide 'a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion.'" Liberty Mut. Ins. Co. v. Fairbanks Co., 170 F. Supp. 3d 634, 642 (S.D.N.Y. 2016) (quoting Olin Corp. v. Am. Home Assurance Co., 704 F.3d 89, 99 (2d Cir. 2012)).

"Where, on the other hand, contract terms are 'capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business,' the contract terms are ambiguous and summary judgment is [generally] inappropriate." Liberty Mut. Ins. Co., 170 F. Supp. 3d at 642 (quoting Olin Corp., 704 F.3d at 99).

### B. **Defendants' Motion**

Defendants argue the second cause of action alleging a breach of contract must be dismissed because the Special Employee Theft Exclusion applies: Tod Hanlon was the sole member of a named insured and the policy excludes coverage for loss resulting from theft committed by a named insured or any partner or member of a named insured. Not so, say plaintiffs. According to them, defendants contracted to pay for losses from thefts by an employee. Plaintiffs contend that while Tod Hanlon was a member of Bullock Hospitality, his theft was carried out in his individual capacity as an employee rather than a member of a named insured. Plaintiffs also focus significant attention on the relationship or lack thereof among the named insureds, as well as on the PLRB coverage opinion. In particular, plaintiffs urge that the because the PLRB coverage opinion was in conflict with defendants' ultimate coverage position, the terms of the policy are capable of more than one meaning when viewed objectively by a reasonably intelligent person and the contract is thus ambiguous. In sum, plaintiffs argue defendants have failed to carry their burden that the exclusion applies and contend there are genuine and triable issues of fact as to both defendants.

### C. **Special Employee Theft Exclusion 8.a.**

In New York, "an insurer bears the burden of proving that an exclusion applies." Ment Bros. Iron Works Co., Inc. v. Interstate Fire & Cas. Co., 702 F.3d 118, 121 (2d Cir. 2012). Therefore, "to 'negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case and that its interpretation of the exclusion is the only construction that [could] fairly be placed thereon.'" Parks Real Estate Purchasing

Grp., 472 F.3d at 42 (quoting Throgs Neck Bagels, Inc. v. GA Ins. Co. of N.Y., 241 A.D.2d 66 (N.Y. App. Div. 1st Dep't Apr. 9, 1998)).

It is undisputed Tod Hanlon was a member or sole member of Bullock Hospitality at the time he stole monies from plaintiffs. It is undisputed Bullock Hospitality was a named insured. The policy excludes coverage for theft committed by a named insured or by any partner or member of a named insured. There are no triable issues of material fact regarding the applicability of Special Employee Theft Exclusion 8.a. Plaintiffs seek what the policy simply does not cover—an alleged theft by a member of a named insured.

"[P]arties cannot create ambiguity from whole cloth where none exists, because provisions 'are not ambiguous merely because the parties interpret them differently.'" Universal Am. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 25 N.Y.3d 675, 680 (2015) (quoting Mount Vernon Fire Ins. Co. v. Creative Hous. Ltd., 88 N.Y.2d 347, 352 (1996)). The instant exclusion is not ambiguous. To the extent Ms. Copesky of the PLRB found the exclusion inapplicable, it appears her opinion was based on incorrect or incomplete information. The existence of a conflicting interpretation, based upon incorrect information, does not render the policy "subject to . . . other reasonable interpretation." Parks Real Estate Purchasing Grp., 472 F.3d at 42. An interpretation based on incorrect facts cannot be deemed reasonable.

The PLRB opinion is unreasonable in that it found Bullock Hospitality was an "additional insured." Adams Decl., Ex. 6. To the contrary, it is undisputed that Bullock Hospitality was in fact a "named insured." Defs.' SMF ¶ 6. This distinction is key as the relevant policy provision excludes coverage for loss resulting from theft by "you" or "any of your partners or members." As the policy defined "you" and "your" to mean "the named

- 8 -

insured," it is significant that Bullock Hospitality was in fact a "named insured" rather than an "additional insured." The PLRB opinion correctly notes that "you" and "'your" do *not* refer to any "additional insureds." Adams Decl., Ex. 6.

Based on the incorrect premise that Bullock Hospitality was an "additional insured" instead of a "named insured," Ms. Copesky concluded "it appears that Bullock is not likely considered 'you' for purposes of the exclusion as they are an additional insured and not the primary named insured." Id. She went on to find that plaintiffs and Bullock Hospitality would not constitute partners within the meaning of the policy, nor would Bullock Hospitality "fall into the other categories for excluding coverage: members, partners, etc." Id. To reiterate, the PLRB's interpretation, in conflict with defendants', does not render the exclusion ambiguous.

Defendants have carried their burden to show the Special Employee Theft Exclusion applies, that there are no disputed issues of fact, and that they are entitled to judgment as a matter of law. To the extent that plaintiffs urge criticism of Citizens' and Hanover's responsibilities during the underwriting process and their alleged failure to insert policy language to identify, control, or eliminate the resulting risk at the underwriting stage, those arguments have been considered and are found to be without merit.

Accordingly, defendants' motion for summary judgment dismissing the second cause of action for breach of contract will be granted. Any dispute over whether Hanover issues insurance policies and whether it issued the instant policy is moot as defendants' motion for summary judgment will be granted and the Complaint will be dismissed in its entirety.

## V. **CONCLUSION**

Plaintiffs have not opposed that part of defendants' motion seeking dismissal pursuant to Rule 12(c) of the first, third, and fourth causes of action and those claims will be

dismissed.  Defendants have established their entitlement to judgment as a matter of law under Rule 56 dismissing the second cause of action.  Therefore, the Complaint will be dismissed in its entirety.

Therefore, it is

ORDERED that

1. Defendants' motion for summary judgment is GRANTED;

2. The Complaint is DISMISSED in its entirety; and

3. The Clerk is directed to enter judgment accordingly and close the file.

_____
United States District Judge

Dated:  August 7, 2019
          Utica, New York.